IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| LETICIA WHITE, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CIVIL ACTION NO.: 3:24-CV-224 |
| FOLLETT HIGHER EDUCATION GROUP, LLC | § § § § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Defendant Follett Higher Education Group, LLC ("Defendant") files this notice of removal of the civil action filed by Plaintiff Leticia White ("Plaintiff") to the United States District Court for the Western District of Texas, El Paso Division, pursuant to 28 U.S.C. § 1332(a), 1441 and 1446, because the amount in controversy exceeds $75,000.00 and complete diversity exists between the parties. In support thereof, Defendant respectfully shows the Court as follows:

### I.   THE STATE COURT PROCEEDINGS

1. On May 28, 2024, Plaintiff commenced a civil action against Defendant in County Court at Law 3 of El Paso County, Texas, styled Cause No. 2024-DCV-2562, *Leticia White v. Follett Higher Education Group, LLC* (the "State Action").[1] In the State Action, Plaintiff brings claims for alleged employment discrimination and retaliation under Chapter 21 of the Texas Labor Code.[2]

---

[1] *See* Exhibit B: Plaintiff's Original Petition.

[2] *See id*.

2. Plaintiff seeks monetary relief of over $200,000.00 but no more than $1,000,000.00.[3]

3. Plaintiff demanded a jury trial.[4]

4. Defendant was served with process on June 4, 2024.[5]

5. Defendant filed its Original Answer in the State Action on July 1, 2024.[6]

6. No further proceedings have taken place in the state court, and no orders have been entered.

7. This Notice of Removal is accompanied by the following:

   a) An index of documents filed with Defendant's Notice of Removal;[7]

   b) A copy of each document filed in the State Action, except discovery material (each document being filed as a separate attachment);[8]

   c) A copy of the docket sheet in the State Action;[9]

8. A copy of this Notice of Removal and all exhibits are being concurrently filed with the clerk of the court in which the State Action is pending in.

## II.     TIMELINESS OF REMOVAL

9. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a Notice of Removal within 30 days after service of the initial pleading if the case stated by the initial pleading is removable.[10] Here, Defendant was served with Plaintiff's Original Petition on June 4, 2024. This Notice of Removal is being filed within 30 days of service. Thus, it is timely filed.

---

[3] *Id.*, para 29.
[4] *Id.*, para 28.
[5] See Exhibit C: Service of Process.
[6] *See* Exhibit D: Defendant's Original Answer.
[7] *See* Exhibit A: Index of Documents Filed.
[8] Exhibit B: Plaintiff's Original Petition and D: Defendant's Original Answer.
[9] *See* Exhibit E: Docket Sheet.
[10] 28 U.S.C. § 1446(b).

### III.  VENUE

10. Venue is proper in this Court under 28 U.S.C. § 1446(a), because the State Action was filed in El Paso County, Texas, which is located within the El Paso Division of the Western District of Texas.[11]

### IV.  BASIS FOR REMOVAL

11. This Court has statutory jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), which states that the district courts shall have original jurisdiction of all civil actions in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.[12]

12. The required amount in controversy in the present action is met. Pursuant to her Petition, Plaintiff "anticipates [ . . . ] that the amount of damages she will request the jury to assess at trial will be between $200,000 to $1,000,000."[13]

13. The parties are citizens of different states. According to her Petition, "Plaintiff is a resident of El Paso County, Texas," and Defendant "is a corporation."[14] Although residency is not always synonymous with citizenship, upon information and belief, Plaintiff is domiciled in Texas, and is therefore a Texas citizen. Defendant is a for-profit corporation incorporated in the State of Illinois, with its principal place of business located in Westchester, Illinois.[15]

14. Thus, removal is proper under 28 U.S.C. § 1441(b).

---

[11] 28 U.S.C. § 1446(a).
[12] 28 U.S.C. § 1332(a).
[13] Exhibit B: Plaintiff's Original Petition, para. 29.
[14] *Id.*, para. 2-3.
[15] *See* Exhibit F: Declaration of Enrique Salgado.

## V. CONCLUSION

The Court has original jurisdiction over this matter based on the amount in controversy and the parties' diversity of citizenship. Therefore, Defendant removes this action from County Court at Law 3 of El Paso County, Texas to this Court. Defendant prays that this Court take jurisdiction of this action to its conclusion and at the exclusion of any further proceedings in state court.

Respectfully submitted,

/s/ Michael D. Mitchell
Michael D. Mitchell
Texas Bar No. 00784615
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
michael.mitchell@ogletreedeakins.com
One Allen Center
500 Dallas Street, Suite 21100
Houston, Texas  77002
Telephone: (713) 655-5756
Facsimile (713) 655-0020

ATTORNEY FOR FOLLETT HIGHER
EDUCATION GROUP, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of July, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John A. Wenke
501 E. California Avenue
El Paso, Texas 79902
lawoffice@johnwenke.com

ATTORNEY FOR PLAINTIFF

/s/Michael D. Mitchell
Michael D. Mitchell