# EXHIBIT B

| | |
|---|---|
| LETICIA WHITE § | |
| § | |
| *Plaintiff,* § | Cause No. 2024-DCV-_____ |
| § | Jury Trial Requested |
| v. § | |
| § | |
| FOLLETT HIGHER § | |
| EDUCATION GROUP, LLC § | |
| § | |
| *Defendant.* § | |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Leticia White, hereinafter Plaintiff complaining of Follett Higher Education Group, LLC, Defendant, and would allege the following.

## DISCOVERY PLAN

1. Discovery in this cause will be conducted under TRCP 190.4 (Level 3).

## PARTIES

2. The Plaintiff is a resident of El Paso County, Texas.

3. The Defendant Follett Higher Education Group, LLC is a corporation and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201.

## JURISDICTION

4. This action arises under Chapter 21 of the Texas Labor Code, which prohibits employment discrimination and retaliation. No federal claims are asserted.

5. Plaintiff has complied with all necessary administrative prerequisites. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity

*Plaintiff's Original Petition*
*Page 1 of 6*

Copy from re:SearchTX

Commission, which was simultaneously filed with the Texas Workforce Commission – Civil Rights Division. The TWC-CRD has issued its Notice of Right to File a Civil Action, and suit was timely filed thereafter.

**VENUE**

6. This action properly lies in El Paso County, Texas because the unlawful employment practices occurred therein.

**FACTS**

7. Plaintiff was employed with Defendant or its predecessors since 1990, and was last employed at the UTEP bookstore as an assistant store manager. During her 30 plus year employment, Plaintiff enjoyed a favorable work history with little or no major disciplinary action.

8. On or about March 22, 2023, Plaintiff was informed in a letter that her position was being eliminated and her last day of work will be May 1, 2023. When Plaintiff asked why she was selected, she was told by Cole Johnson, Regional Manager, "that's just the way it turned out." Plaintiff was not advised why her position was selected, or what criteria, if any, was used in the reduction in force.

9. Defendant retained Plaintiff's subordinate, Raul Pantoja (male, 56) operation manager, and upon information and belief, Pantoja either replaced Plaintiff or was later assigned Plaintiff's job duties. Pantoja was previously the subject of employee complaints regarding misogynistic comments about women, as well as ageist comments. It is unknown what, if any, disciplinary action was taken by Defendant against Pantoja, and if these complaints and discipline were considered in deciding which employees to retain during this layoff.

Copy from re:SearchTX

10. In addition to Plaintiff, it is believed that Defendant also laid off at least one other older female - Alma Barron (female, 58).

11. Plaintiff was offered a severance, but only if she agreed to sign a release waiving all legal claims.  Defendant failed to provide Plaintiff in its severance paperwork information on the decisional unit; the eligibility factors for layoff; and the job titles and ages of all persons in the decisional unit laid off and retained, as required by law. Plaintiff refused to accept the severance.

12. On or about July 7, 2023, Plaintiff filed Charge #453-2023-01401 with the EEOC alleging age and gender discrimination.

13. At some point after Plaintiff's layoff, but before September 2023, Raul Pantoja ceased working as the Assistant Store Manager position at store 1006 (UTEP). Rather than contacting and rehiring Plaintiff, who was believed to be eligible for rehire, Defendant placed Israel Teutla (male, 32) in Plaintiff's prior position.

## COUNT ONE –   AGE DISCRIMINATION - TERMINATION

14. The above allegations are re-alleged and adopted by reference.

15. Plaintiff asserts that her age (68), was a motivating factor and consideration in Defendant's decision to eliminate her position and terminate her employment in violation of Chapter 21 of the Texas Labor Code.

16. Plaintiff requests trial by jury.

## COUNT TWO –   AGE DISCRIMINATION - FAILURE TO RE-HIRE

17. The above allegations are re-alleged and adopted by reference.

Copy from re:SearchTX

18. Plaintiff asserts her age (68), was a motivating factor and consideration in Defendant's failure to re-hire her when her position re-opened, in violation of Chapter 21 of the Texas Labor Code.

19. Plaintiff requests trial by jury.

**COUNT THREE – GENDER DISCRIMINATION - TERMINATION**

20. The above allegations are re-alleged and adopted by reference.

21. Plaintiff asserts that her gender (female) was a motivating factor and consideration in Defendant's decision to eliminate her position and terminate her employment, in violation of Chapter 21 of the Texas Labor Code.

22. Plaintiff requests trial by jury.

**COUNT FOUR – GENDER DISCRIMINATION – FAILURE TO REHIRE**

23. The above allegations are re-alleged and adopted by reference.

24. Plaintiff asserts her gender (female) was a motivating factor and consideration in Defendant's failure to re-hire her when her position re-opened, in violation of Chapter 21 of the Texas Labor Code.

25. Plaintiff requests trial by jury.

**COUNT FIVE  - RETALIATION**

26. The above allegations are re-alleged and adopted by reference.

27. Plaintiff further asserts that Defendant retaliated against her for engaging in protected activity (the filing of an EEOC charge alleging age and gender discrimination), by not informing and re-hiring Plaintiff for a subsequent opened position after her lay off, in violation of the Texas Labor Code.

28. Plaintiff requests trial by jury.

Copy from re:SearchTX

29. Plaintiff seeks to recover all of damages in an amount which the jury, in its role as trier of the facts in this case, determines based on its discretion is just and appropriate. In order to comply with the Supreme Court's requirement to state the range of damages, pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff pleads that she anticipates at this time that the amount of damages she will request the jury to assess at trial will be between $200,000 to $1,000,000.

WHEREFORE, Plaintiff, respectfully requests that this Honorable Court cites the Defendant to answer and appear, and upon final trial enter a judgment upon her favor and award the following:

1. Back pay and benefits;
2. Reinstatement.  If reinstatement is not feasible, front pay and benefits;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees pursuant to Section 21.259 of the Texas Labor;
6. Plaintiff's costs;
7. Prejudgment and post-judgment interest accruing at the maximum rate allowed by law;
8. Such other and further relief as the Court deems necessary, proper and equitable, general or specific, to which Plaintiff may show herself to be justly entitled.

Copy from re:SearchTX

Respectfully submitted,

/s/ John A. Wenke
JOHN A. WENKE
Attorney for Plaintiff
501 E. California Ave.
El Paso, Texas 79902
(915) 351-8877
Fax:  (915) 351-9955
State Bar No. 00788643
lawoffice@johnwenke.com.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 88174979
Filing Code Description: Petition
Filing Description: Plaintiff's Original Petition/CM
Status as of 5/29/2024 9:00 AM MST

Associated Case Party: LeticiaWhite

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John A.Wenke | | john@johnwenke.com | 5/28/2024 1:48:47 PM | SENT |
| Secretary John Wenke | | secretary@johnwenke.com | 5/28/2024 1:48:47 PM | SENT |
| Legal Assistant | | lawoffice@johnwenke.com | 5/28/2024 1:48:47 PM | SENT |