# EXHIBIT D

El Paso County - County Court at Law 3
Case 3:24-cv-00224-LS   Document 1-4   Filed 07/01/24   Page 2 of 6
Filed 6/30/2024 9:11 PM
Norma Favela Barceleau
District Clerk
El Paso County
2024DCV2562

## CAUSE NO. 2024-DCV-2562

| | | |
|---|---|---|
| LETICIA WHITE, | § | COUNTY COURT AT LAW 3 |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EL PASO COUNTY, TEXAS |
| | § | |
| FOLLETT HIGHER | § | |
| EDUCATION GROUP, LLC | § | |
| | § | |
| *Defendant*. | § | JURY TRIAL DEMANDED |

### ORIGINAL ANSWER AND DEFENSES

COMES NOW Defendant Follett Higher Education Group, LLC ("Defendant" or "Follett") and files this Answer to Plaintiff Leticia White's ("Plaintiff") Original Petition ("Petition"). Follett respectfully responds as follows:

### I.   GENERAL DENIAL

As permitted under Rule 92 of the Texas Rules of Civil Procedure, Follett enters a general denial of the matters pled by Plaintiff in her Petition and asks the Court to require Plaintiff to prove her allegations by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.   DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

Without assuming any burden of proof that would otherwise rest with Plaintiff, Follett states the following defenses:

1. Plaintiff's Petition fails, in whole or in part, to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the failure to exhaust administrative prerequisites to filing suit.

3. Neither Plaintiff's age nor her gender was a motivating factor in any decision made by Defendant with respect to or regarding Plaintiff,

4. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of and/or are inconsistent with the Charge of Discrimination Plaintiff submitted to the Equal Employment Opportunity Commission.

5. At all times, any actions taken by Follett were lawful, justified, and made in good faith.

6. Plaintiff's claims are not actionable because the challenged employment decision(s) are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to age or gender.

7. If any improper, illegal, or discriminatory act was taken by any Follett employee against Plaintiff, it was outside the course and scope of that employee's employment, contrary to Follett's policies, and was not ratified, confirmed, or approved by Follett. Thus, any such actions cannot be attributed or imputed to Follett.

8. Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities provided by Follett or to avoid harm otherwise. Additionally, Follett took prompt and effective remedial action to address any complaints made by Plaintiff. Follett exercised reasonable care to prevent and correct promptly any alleged discriminatory behavior directed towards Plaintiff. No tangible employment action regarding Plaintiff resulted from any alleged unlawful conduct by Defendant.

9. Plaintiff is barred from recovering damages to the extent that she has failed to mitigate her damages, including the failure of Plaintiff to accept work or to exercise diligence in seeking employment.

10. To the extent Plaintiff has mitigated her damages, Follett is entitled to offset those amounts Plaintiff has earned.

11. The allegations within Plaintiff's Petition are insufficient to entitle her to punitive damages.

12. Any imposition of punitive damages in this case would contravene Follett's constitutional right to substantive and procedural due process of law under the Fifth Amendment of the Constitution of the United States.

13. Plaintiff's claims for punitive damages fail because Follett did not act with malice or reckless indifference to Plaintiff's state or federally protected rights.

14. Follett cannot be vicariously liable for punitive damages in light of its good faith efforts to comply with the anti-discrimination statutes at issue in this case. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526 (1999).

15. Any award of compensatory and/or punitive damages to Plaintiff is limited and/or capped by the applicable statute(s).

16. Plaintiff's Petition sets forth claims that are frivolous, unreasonable, vexatious, or without foundation, thus entitling Follett to recover its attorneys' fees associated with defending against such claims.

17. Follett expressly reserves the right to amend this Answer to assert additional defenses, claims, counterclaims, cross-claims, and/or causes of action that may become appropriate upon investigation or other discovery that may occur during the course of the litigation.

### III.  PRAYER

WHEREFORE, Follett Higher Education Group, LLC requests that upon final hearing, judgment be entered that Plaintiff take nothing from Follett and that Follett be discharged with its costs and attorney's fees.

Respectfully submitted,

 /s/  Michael D. Mitchell
Michael D. Mitchell
Texas Bar No. 00784615
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
michael.mitchell@ogletreedeakins.com
One Allen Center
500 Dallas Street, Suite 21100
Houston, Texas  77002
Telephone: (713) 655-5756
Facsimile (713) 655-0020

ATTORNEY FOR FOLLETT HIGHER
EDUCATION GROUP, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

John A. Wenke
501 E. California Avenue
El Paso, Texas 79902
lawoffice@johnwenke.com

ATTORNEY FOR PLAINTIFF

 /s/Michael D. Mitchell
Michael D. Mitchell

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 89346921
Filing Code Description: ANSWER/RESPONSE
Filing Description: Original Answer and Defenses
Status as of 7/1/2024 9:19 AM MST

Associated Case Party: Leticia White

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| John A.Wenke | | john@johnwenke.com | 6/30/2024 9:11:10 PM | SENT |
| Legal Assistant | | lawoffice@johnwenke.com | 6/30/2024 9:11:10 PM | SENT |
| Secretary John Wenke | | secretary@johnwenke.com | 6/30/2024 9:11:10 PM | SENT |

Associated Case Party: Follett Higher Education Group, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Samantha De Hoyos | | samantha.dehoyos@ogletree.com | 6/30/2024 9:11:10 PM | SENT |
| Stephanie Murrey-Alonso | | stephanie.murrey-alonso@ogletree.com | 6/30/2024 9:11:10 PM | SENT |
| Michael DMitchell | | michael.mitchell@ogletree.com | 6/30/2024 9:11:10 PM | SENT |
| Christel Green | | HOUDocketing@ogletreedeakins.com | 6/30/2024 9:11:10 PM | SENT |
| Itzayana Fabela | | itzayana.fabela@ogletree.com | 6/30/2024 9:11:10 PM | SENT |
| Letty Anzaldua | | letty.anzaldua@ogletreedeakins.com | 6/30/2024 9:11:10 PM | SENT |